JUDGE OETKEN

11 CIV 7758

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCOTT CHISHOLM, DONNA BOLLON AND
ANTHONY VOSILLA, individually and on the
behalf of all other similarly situated and on behalf
of the general public,

Plaintiff,

vs.

SANOFI-AVENTIS U.S. LLC, ,

Defendant.

Civil Action No.

CLASS ACTION COMPLAINT FOR
DAMAGES, RESTITUTION AND
INJUNCTIVE RELIEF

JURY TRIAL DEMAND

Plaintiffs Scott Chisholm, Donna Bollon and Anthony Vosilla ("Plaintiffs"), individually and on behalf of all others similarly situated, by his attorneys, The Ottinger Firm, P.C., alleges, upon personal knowledge and upon information and belief as to other matters, as follows:

PRELIMINARY STATEMENT

1.  This is a class action brought by Individual and Representative Plaintiffs Scott Chisholm, Donna Bollon and Anthony Vosilla and all putative Plaintiffs (collectively "Plaintiffs"), on their own behalf and on behalf of the proposed class identified below. Plaintiffs and the putative class members were or are employed by Sanofi-Aventis U.S., LLC ("Sanofi" or "Defendant"), and they were denied overtime compensation as required by state wage and hour laws. These employees are similarly situated under Federal Rule of Civil Procedure 23.

2.  The Class is made up of all persons who are or have been employed by Defendant as pharmaceutical sales representatives known as "Professional Representatives" within the State of New York within the period of six years prior to the filing date of this Complaint ("the Class

1

Period") and who were subject to Defendant's unlawful practice of failing to pay overtime premiums for all hours worked over 40 in a given workweek.

3. During the Class Period, Defendant unlawfully failed to pay overtime premiums for all hours worked over 40 in a given workweek. Plaintiff seeks relief for the Class pursuant to the applicable provisions of the New York Labor Law ("NYLL") for Defendant's failure to pay all wages due, in addition to injunctive relief.

## PARTIES

4. Individual and representative Plaintiff Scott Chisholm resides in Commack, New York. He was employed with Defendant from 2004 to March 2007 in the capacity of Professional Representative. Throughout his employment with Defendant, Plaintiff worked in Nassau and Suffolk Counties and in parts of Queens County, in New York.

5. Individual and representative Plaintiff Donna Bollon resides in New York, New York. She was employed with Defendant from December 2006 to July 2010 in the capacity of Professional Representative. Throughout her employment with Defendant, Plaintiff worked in New York County in New York.

6. Individual and representative Plaintiff Anthony Vosilla resides in Hauppauge, New York. He was employed with Defendant from 1997 to January 2006 in the capacity of Professional Representative. Throughout his employment with Defendant, Plaintiff worked in Nassau and Suffolk Counties and in parts of Queens County, in New York.

7. Defendant is an international pharmaceutical company that develops and markets its medications throughout the world. It is an affiliate of, and the United States headquarters for, Sanofi Aventis, a company organized under the laws of France. At all relevant times, Defendant,

a Delaware corporation, had its principal place of business at 55 Corporate Drive, Bridgewater, New Jersey 08807, and Defendant regularly transacts business in this district.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(d) because the matter in controversy exceeds the sum or value of $5,000,000 and a member of a class of plaintiffs is a citizen of a State different from the Defendant.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in the United States District Court, Southern District of New York pursuant to 28 U.S.C. § 1391, because the wage violations which give rise to Representative Plaintiff Bollon's claims, and those of other putative class members, occurred in this District.

11. Upon information and belief, Defendant is subject to personal jurisdiction in New York.

## CLASS ALLEGATIONS

12. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

   **Proposed Class:**   All persons in the State of New York who are or have been employed by Defendant as pharmaceutical representatives known as "Professional Representatives" at any point during the Class Period.

13. At all times during the Class Period, Defendant authorized a misclassification of all of its Professional Representatives, including Plaintiffs, as FLSA/NYLL exempt and have, as a matter of policy, not paid them overtime premiums for hours worked in excess of 40 hours.

3

14. To the best of Plaintiffs' recollections, they worked an average of approximately 45 to 60 hours per week throughout their employment as Professional Representatives with Defendant. Upon information and belief, all other Professional Representatives employed by Defendant during the Class Period also worked an average of approximately 45 to 60 hours per week.

15. Numerosity: The Proposed Class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that during the relevant time period, Defendant employed over 100 people who satisfy the definition of the Proposed Class.

16. Typicality: Plaintiffs' claims are typical of the members of the Proposed Class. Plaintiffs are informed and believe that, like other Professional Representatives, Plaintiffs were subject to the aforementioned unlawful policies during the Class Period. Plaintiffs had the same duties and responsibilities as other Class members. All plaintiffs were subject to Defendant's policy and practice of unlawfully classifying Professional Representatives as exempt from the FLSA and NYLL.

17. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Adequacy: Plaintiffs will fairly and adequately protect the interests of the Proposed Class, and have retained counsel experienced in complex FLSA and NYLL class and collective action litigation.

19. Commonality: Common questions of law and fact exist as to all members of the Proposed Class and predominate over any questions solely affecting individual members of the Proposed Class, including but not limited to:

a. Whether Defendant improperly classified the Professional Representatives as exempt under the NYLL;

b. Whether Defendant unlawfully failed to pay appropriate overtime compensation to members of the Proposed Class in violation of NYLL;

c. Whether Defendant employed Plaintiffs and the Proposed Class within the meaning of New York law;

d. The proper measure of damages sustained by the Proposed Class; and

e. Whether Defendant's actions were "willful."

20. The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

21. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Proposed Class the wages to which they are entitled. The damages suffered by the individual Proposed Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

22. Plaintiffs intend to send notice to all members of the Proposed Class to the extent required by Rule 23. The names and addresses of the Proposed Class are available from Defendant.

## AS AND FOR A FIRST CAUSE OF ACTION
### (New York Labor Law: Unpaid Overtime Wages)

23. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

24. At all relevant times, Plaintiffs were "employees" and Defendant was an "employer" within the meaning of the New York Labor Law.

25. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendant.

26. Defendant failed to pay Plaintiffs and the Rule 23 Class the overtime wages to which they were entitled under the New York Labor Law.

27. By Defendant's failure to pay Plaintiffs and the Rule 23 Class Members premium overtime wages for hours worked in excess of 40 hours per week, Defendant willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

28. Due to Defendant's violations of the New York Labor Law, Plaintiffs and the Rule 23 Class Members are entitled to recover from Defendant their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues so triable.

DATED: October 31, 2011

The Ottinger Firm, P.C.

Robert W. Ottinger (RO-8879)
Christopher Q. Davis (CD-7282)
Denise Rubin Glatter (DG-7742)
The Ottinger Firm, P.C.
19 Fulton Street, Suite 408
New York, New York 10038
Telephone: (212) 571-2000

Attorneys for Plaintiff and the Proposed Class